UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN GREENLY,

        Plaintiff,

    v.

SARA LEE CORPORATION; GORDON
MAYBERRY; and Does 1 through
10, inclusive,

        Defendants.

NO. CIV. S-06-1775 WBS EFB

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

----oo0oo----

        Plaintiff John Greenly brought this action against his former employer, defendant Sara Lee Corporation ("Sara Lee"), as well as his former supervisor, defendant Gordon Mayberry, alleging harassment and rights violations under state and federal statutes and common law.  Defendants move to dismiss various claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

///

///

1

I.    Factual and Procedural Background

        At all times relevant to this action, plaintiff John
Greenly was employed by defendant Sara Lee as a Foreman in Bun
Production.  (Compl. ¶ 10; Req. for Judicial Notice Ex. 1 ("EEOC
Complaint").)  Plaintiff worked under the supervision of
Production Manager defendant Gordon Mayberry.  (Compl. ¶ 12.)
Throughout the course of his employment, plaintiff was a member
of the Bakery, Confectionery, Tobacco Workers and Grain Millers'
International Union, Local Union No. 85 ("Union").  (First Mot.
to Dismiss Ex. 1.)  At all times, plaintiff's employment was
governed by a collective bargaining agreement ("CBA"), negotiated
between the Union and Sara Lee.  (Id.)

        According to plaintiff, beginning in 1990, he was
subjected to a pattern of sexual and physical harassment, denial
of promotions, retaliation, and discrimination on the basis of a
work-induced disability.  (Compl. ¶ 14; EEOC Complaint.)  Based
on this conduct, plaintiff filed a complaint on May 19, 2005,
against Sara Lee with the Equal Employment Opportunity Commission
("EEOC") alleging sexual harassment by Mayberry.  (EEOC
Complaint.)  On June 19, 2006, the EEOC indicated that it was
terminating its processing of the complaint, and issued to
plaintiff a "right to sue" letter.  (Req. for Judicial Notice Ex.
3.)

        On July 13, 2006, plaintiff filed a complaint in state
court, which defendants removed to this court because it involved
various questions of federal law.  (Compl.)  The complaint

2

alleges twenty-three causes of action:[1] 1) battery, against
Mayberry; 2) assault, against Mayberry; 3) sexual battery,
against Mayberry; 4) retaliation in violation of the Fair
Employment and Housing Act ("FEHA"), California Government Code
§§ 12900 et seq; 5) sexual harassment and a hostile work
environment in violation of FEHA; 6) disability discrimination in
violation of FEHA; 7) failure to prevent discrimination in
violation of FEHA; 8) failure to accommodate for disability in
violation of FEHA, against Sara Lee; 9) intentional infliction of
emotional distress, against Mayberry; 10) negligent infliction of
emotional distress; 11) negligence; 12) negligence per se; 13)
negligent hiring, training, supervision and/or retention, against
Sara Lee; 14) invasion of privacy; 15) defamation, against
Mayberry; 16) intentional and/or negligent interference with
existing contractual relationships; 17) intentional and/or
negligent interference with prospective economic advantage; 18)
wrongful termination in violation of FEHA, or in the alternative
constructive discharge; 19) wrongful termination in violation of
public policy; 20) breach of contract; 21) breach of implied
covenant of good faith and fair dealing; 22) breach of duty to
pay wages and provide rest breaks; and 23) retaliation for filing
a workers compensation claim in violation of California Labor
Code § 123a.  (Compl.)

On August 17, 2006, defendants filed a motion to
dismiss pursuant to Rule 12(b)(6).  (First Mot. to Dismiss.)
Before a hearing was held on that motion, however, plaintiff

---

[1]     All causes of action are asserted against both
defendants, except where otherwise noted.

1   filed a First Amended Complaint on September 20, 2006 ("FAC"),

2   which mooted the motion to dismiss.  (September 26, 2006 Minute

3   Order.)  The amended complaint indicated that plaintiff filed an

4   additional complaint with the EEOC on July 17, 2006, alleging a

5   variety of claims, and that a right to sue letter was then

6   subsequently issued.  (FAC ¶ 3.)  Plaintiff also amended his

7   fourteenth, sixteenth, seventeenth, and twenty-second causes of

8   action, pleading in the alternative that a claim was stated for

9   violation of the collective bargaining agreement under § 301 of

10  the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA").

11  (FAC ¶¶ 111, 120, 126, 144.)  Finally, plaintiff asserted that he

12  had "exhausted all appropriate grievance procedures" as required

13  by the CBA, or in the alternative that he was excused from such a

14  requirement because the "union breached its duty of fair

15  representation."  (Id.)  Defendants again move to dismiss based

16  on plaintiff's failure to state a claim, Fed. R. Civ. P.

17  12(b)(6).  (Second Mot. to Dismiss.)[2]

18  II.  Discussion

19       A.   Legal Standard

20            On a motion to dismiss, the court must accept the

21  allegations in the complaint as true and draw all reasonable

22  inferences in favor of the pleader.  Scheuer v. Rhodes, 416 U.S.

23  232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322 (1972).  The

24

25            [2]   Plaintiff objects to the filing of this motion on the
    ground that no proof of service was filed therewith.  (Opp'n to
26  Mot. to Dismiss 11.)  Plaintiff's objection is without merit,
    however, because the notice of electronic filing contains an
27  electronic proof of service, indicating that the motion was
    served at 8:02pm on October 4, 2006, to, among others,
28  plaintiff's counsel Nathaniel Dale Potratz.  See L.R. 5-135(g).

4

court may not dismiss for failure to state a claim unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002). Dismissal is appropriate, however, where the pleader fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss . . . must be treated as a motion for summary judgment . . . if either party . . . submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider materials of which it may take judicial notice, including matters of public record. <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988); Fed. R. Evid. 201(b) (defining the scope of judicial notice); <u>see also</u> <u>Mack v. S. Bay Beer Distribs.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986) (noting that reliance on matters of public record "does not convert a Rule 12(b)(6) motion to one for summary judgment"), <u>abrogated on other grounds by</u> <u>Astoria Fed. Sav. & Loan Ass'n v.</u>

1  <u>Solimino</u>, 501 U.S. 104 (1991).[3]

2       Additionally, "a district judge may generally consider

3  a document outside the complaint when deciding a motion to

4  dismiss if the complaint specifically refers to the document and

5  if its authenticity is not questioned." <u>Inlandboatmens Union of</u>

6  <u>Pac. v. Dutra Group</u>, 279 F.3d 1075, 1083 (9th Cir. 2002) (citing

7  <u>Townsend v. Columbia Operations</u>, 667 F.2d 844, 848-49 (9th Cir.

8  1982)) (upholding a District Court's consideration of a

9  collective bargaining agreement, referred to in the complaint, on

10  a motion to dismiss).  When claims in a complaint require

11  consideration of a collective bargaining agreement, a plaintiff

12  cannot artfully plead so as to avoid mentioning the agreement,

13  thereby avoiding federal preemption issues.  <u>Inlandboatmens</u>

14  <u>Union</u>, 279 F.3d at 1083; <u>Young v. Anthony's Grottos, Inc.</u>, 830

15  F.2d 993, 997 (9th Cir. 1997) ("The district court, however,

16  properly looked beyond the face of the complaint to determine

17  whether the contract claim was in fact a section 301 claim for

18  breach of a collective bargaining agreement . . .").

19       In this case, plaintiff concedes that a collective

20  bargaining agreement was in place.  (FAC ¶¶ 111, 120, 126, 136,

21  144.)  Thus, this court may properly consider the CBA, submitted

22  as an exhibit to defendants' first motion to dismiss, without

23  converting this motion into a motion for summary judgment.

24

25       [3]  Plaintiff objects to defendants' failure to attach the
    exhibits to defendants' second Request for Judicial Notice.
26  Defendants, however, filed an Amended Request for Judicial
    Notice, containing the relevant exhibits.  (Am. Req. for Judicial
27  Notice Exs. 1-3.)  The court will therefore consider these
    documents.  <u>Cunningham v. Litton Indus.</u>, 413 F.2d 887, 889 n.2
28  (9th Cir. 1969) (taking judicial notice of an EEOC decision).

1  (First Mot. to Dismiss Ex. 1.)

2       B.    <u>Labor Management Relations Act</u>

3             1.    <u>Preemption under § 301</u>

4           Defendant argues that plaintiff's ninth, tenth,

5  eleventh, twelfth, thirteenth, fourteenth, sixteenth,

6  seventeenth, twentieth, twenty-first, and twenty-second claims

7  are all preempted under the LMRA.  (Second Mot. to Dismiss 4-9.)

8  It is well established that § 301 of the LMRA, 29 U.S.C. §

9  185(a), allows for preemption of state law claims which are

10 "dependent upon" or "inextricably intertwined with" a collective

11 bargaining agreement.[4]; <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S.

12 202, 213 (1985).  The Supreme Court has articulated two general

13 instances when this may occur: 1) when the "claims [are] founded

14 directly on rights created by collective-bargaining agreements"

15 and 2) "where the right is created by state law . . . [but the

16 application of state law] requires the interpretation of a

17 collective bargaining agreement." <u>Hayden v. Reickerd</u>, 957 F.2d

18 1506, 1509 (9th Cir. 1992) (quoting <u>Lingle v. Norge Div. of Magic</u>

19 <u>Chef, Inc.</u>, 486 U.S. 399, 411-12 (1988)).

20         However, not all claims stemming from conduct in the

21 workplace are necessarily preempted by the LMRA.  <u>See</u> <u>Allis-</u>

22 <u>Chalmers</u>, 471 U.S. at 211-212 (noting that "not every dispute

23 concerning employment, or tangentially involving a provision of a

24 _____

25       [4]    Section 301 of the LMRA states that, "Suits for

26 violation of contracts between an employer and a labor
   organization representing employees in an industry affecting

27 commerce as defined in this chapter, or between any such labor
   organizations, may be brought in any district court of the United

28 States having jurisdiction of the parties . . . ."  29 U.S.C. §
   185(a).

7

1  collective-bargaining agreement is pre-empted by § 301").  In

2  particular, if a dispute can be resolved without the court being

3  required to consider the CBA, preemption will not be implicated.

4  Lingle, 486 U.S. at 413 (noting that a claim "may depend for its

5  resolution upon both the interpretation of a collective

6  bargaining agreement and a separate state-law analysis that does

7  not turn on the agreement.  In such a case, federal law would

8  govern the interpretation of the agreement, but the separate

9  state-law analysis would not be thereby pre-empted.").

10         2.  State Law Claims

11              a.  Claims Twenty, Twenty-One, Twenty-Two

12         Claims twenty and twenty-one are for breach of contract

13  and breach of implied covenant of good faith and fair dealing,

14  respectively.  Both of these claims directly relate to an

15  interpretation of the CBA contract, for that is what was

16  purportedly breached.  Claim twenty-two is for failure to pay

17  wages and provide rest breaks, which is founded on rights created

18  by, and only by, the CBA.  (CBA Section 4 ("hours"), Section 7

19  ("wages").)  Analysis of these claims cannot be accomplished

20  without looking to the CBA, therefore these four claims are

21  preempted by the LMRA.  Allis-Chalmers, 471 U.S. at 213.

22              b.  Claims Sixteen and Seventeen

23         Claims sixteen and seventeen are for negligent and/or

24  intentional interference with existing contractual relationships

25  and negligent and/or intentional interference with prospective

26  economic advantage, respectively.  Both of these theories are

27  state common law causes of action based on protecting

28

8

1  "contractual rights or expectancies."[5]  <u>Woods v. Fox Broadcasting</u>

2  <u>Sub., Inc.</u>, 129 Cal.App.4th 344, 350 (2005).  Because the

3  contractual rights at issue necessarily arise out of the CBA,

4  these claims against Mayberry are preempted.

5        As against Sara Lee, it is well established that a

6  party to a contract <u>cannot</u> be found liable under either of these

7  theories of law.  <u>Id.</u> ("[A] party to the plaintiff's contract

8  cannot be liable under any of the four theories.  If the

9  defendant is a party to the contract, the plaintiff is relegated

10 to a cause of action for breach of that contract.") (citing

11 <u>Applied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal.4th

12 503, 514 (1994).  Indeed, these causes of action must be

13 reconciled with the longstanding "prohibition against liability

14 of contracting parties."  <u>Allied Equipment</u>, 7 Cal.4th at 513-514.

15 Therefore, the court will dismiss these claims as against Sara

16 Lee.

17              c.  <u>Claims Nine and Ten</u>

18          Claims nine and ten are for intentional and negligent

19 infliction of emotional distress, respectively.  The claim for

20 intentional infliction of emotional distress is brought solely

21 against Mayberry, based on his "harassing, hostile, and

22 discriminatory treatment" of plaintiff, while the negligence

23 claim is brought against both defendants based on the failure to

24 provide a non-hostile, non-harassing, and non-discriminatory work

25

26          [5]    Technically, these claims constitute four theories of
   recovery: negligent interference with existing contractual
   relationships; intentional interference with existing contractual
27 relationships; negligent interference with prospective economic
   advantage; and intentional interference with prospective economic
28 advantage.

environment.  To support a claim for emotional distress under California law, conduct must be "so extreme and outrageous 'as to go beyond all possible bounds of decency.'"  <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 239 (9th Cir. 1990) (citing <u>Alcorn v. Anbro Eng'g, Inc.</u>, 2 Cal.3d 493, 499 n. 5 (1970)).

Plaintiff's allegations in claims nine and ten include accusations that Greenly was "denied Saturday shift differential pay and work breaks, denied promotions," and that he was "demoted in retaliation for [his] complaints."  (FAC ¶ 14.)  From this, as well as other "harassment," plaintiff asserts he was harmed.  (FAC ¶¶ 83, 93, 98, 101.)  All of these accusations, however, involve work conditions explicitly covered by the CBA.  (CBA Sections 3 (seniority in promotions), 4 (hours), 7 (wages).)  Therefore, in order to assess whether defendants' conduct in this regard was "outrageous," the court must consider the CBA.  <u>Miller v. AT & T Network Sys.</u>, 850 F.2d at 543, 550 (9th Cir. 1988) ("Actions that the collective bargaining agreement permits might be deemed reasonable in virtue of the fact that the CBA permits them.").  Claims nine and ten are therefore preempted.

d.   <u>Claims Eleven and Twelve</u>

Claims eleven and twelve are for negligence and negligence per se.  These two claims are brought against both defendants, and like claim ten, are based on the failure to provide a non-hostile, non-harassing, and non-discriminatory work environment.  A claim based on negligence requires an inquiry into the reasonableness of defendants' conduct, within the context of duties owed plaintiff.  <u>See</u> <u>e.g.</u>, <u>Gdowski v. Louie</u>, 84 Cal.App.4th 1395 (2000) ("reasonableness is . . . at the heart of

10

1  a negligence claim").  As with the analysis above regarding a

2  claim for emotional distress, in order for the court to assess

3  the "reasonableness" of defendants' conduct, it must consider the

4  conduct within the context of the duties created by the CBA.

5  Indeed, the CBA is the source of those duties which defendants

6  purportedly violated.  Claims eleven and twelve are therefore

7  preempted.

8              e.  <u>Claim Thirteen</u>

9  _____Claim thirteen is brought against Sara Lee, alleging

10 negligence in the hiring, training, supervision, and retention of

11 Mayberry.  (FAC ¶¶ 104-107.)  Any decision to hire, discipline,

12 or ultimately fire an employee is clearly one which is governed

13 by the provisions and procedures of the CBA.  (CBA Section 3

14 (dismissals).)  Thus, any inquiry into the reasonableness of Sara

15 Lee's conduct regarding such decisions would necessitate an

16 interpretation of the CBA.  Therefore, this claim is preempted.

17 _____      f.  <u>Claim Fourteen</u>

18              Claim fourteen is for invasion of privacy, and is based

19 on Mayberry's supposed disclosure of private facts about Greenly

20 as well as Mayberry's "intrusion into plaintiff's home."

21 California's right to privacy requires both that an individual

22 have a "personal and objectively reasonable expectation of

23 privacy" and that the expectation "has been infringed by an

24 unreasonable . . . intrusion."  <u>Alarcon v. Murphy</u>, 201 Cal.App.3d

25 1, 5 (1988).  The Ninth Circuit has clarified that for a privacy

26 right to be so inextricably intertwined with a collective

27 bargaining agreement so as to result in preemption, the agreement

28 must contain a waiver or some other explicit mention of those

                                11

1    privacy rights affected.  <u>Cramer v. Consol. Freightways, Inc.</u>,
2    255 F.3d 683, 693 (9th Cir. 2001) (refusing to find preemption
3    for invasion of privacy claims where conduct was not covered by a
4    collective bargaining agreement).

5            By contrast, in this situation there is nothing in the
6    CBA that acts to affect plaintiff's right to privacy or to be
7    free from intrusion.  Indeed, there is nothing in the CBA even
8    arguably related to this claim.  It is not enough that such
9    topics <u>might</u> be the subject of a provision in the CBA--an actual
10   provision must exist.  <u>Id.</u> (preemption is proper where an
11   "<u>existing</u> provision of a CBA . . . can reasonably be said to be
12   relevant to the resolution of the dispute") (emphasis added).
13   Nor is it sufficient that the invasions of privacy happened to
14   take place in the work context.  <u>Lingle</u>, 486 U.S. at 407
15   ("[T]hese purely factual questions pertain[] to the conduct of
16   the employee and the conduct and motivation of the employer.
17   Neither . . . requires a court to <u>interpret</u> <u>any</u> <u>term</u> of a
18   collective-bargaining agreement.") (emphasis added).  Because, in
19   this context, plaintiff's right to privacy is a "nonnegotiable
20   state law right," this claim is not preempted.  <u>Id.</u> at 697.

21           2.   <u>Exhaustion under § 301</u>

22           When the LMRA preempts a state law claim, that claim
23   may be effectively re-characterized as one brought under § 301
24   for breach of the collective bargaining agreement.  <u>Young</u>, 830
25   F.2d at 997.  Finding a state-law claim completely pre-empted
26   effectively "supplants it with a federal claim."  <u>Id.</u> at 998.
27   All of the state-law claims preempted above by the LMRA will
28   therefore be considered by this court as a claim under § 301.

                                   12

The basis of a claim under § 301 is founded on an allegation that there has been a breach of contract between an employer and a labor organization representing employees in an industry affecting commerce.  29 U.S.C. § 185.

It is well established, however, that an "employee seeking a remedy for an alleged breach of the collective bargaining agreement between his union and employer <u>must</u> attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under § 301(a) of the Labor Management Relations Act." <u>Clayton v. Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am.</u>, 451 U.S. 679, 681 (1981) (citing <u>Republic Steel Corp. v. Maddox</u>, 379 U.S. 650, 652-653 (1965)).[6]  Moreover, because the grievance procedures contained in most collective bargaining agreements mandate that any decisions are final and binding, in order for an employee to recover under § 301 he must also show that his union breached its duty of representation.  <u>Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry</u>, 494 U.S. 558, 564 (1990); <u>DelCostello v. Int'l Bd. of Teamsters</u>, 462 U.S. 151, 163-164 (1983).

In this case, the CBA at issue contains detailed procedures to be pursued in the case of an employee grievance, and provides that any decisions by the Board are "final and binding on all parties." (CBA Section 25 ("Adjustment Board and Procedure").)  When plaintiff filed his original complaint in

---

[6]     The one exception to the exhaustion requirement excuses plaintiff from pursuing all grievance procedures where the union breached its duty of fair representation.  <u>See</u> <u>generally</u> <u>Clayton</u>, 451 U.S. 679.

1   this action, there was no mention made of any effort on his part
2   to pursue any of the remedies outlined in the CBA.  (Compl.)  In
3   plaintiff's amended complaint, in an apparent effort to cure this
4   deficiency, plaintiff summarily asserts that he "pursued and
5   exhausted all appropriate grievance procedures pursuant to the
6   Sara Lee collective bargaining agreement and/or Plaintiff is
7   excused from the exhaustion requirement on the grounds that the
8   union breached its duty of fair representation."  (FAC ¶¶ 111,
9   120, 126, 144.)

10          Under the liberal federal standards, these general
11  allegations are sufficient at the pleading stage to allow the
12  recharacterized § 301 claim to go forward.  See Swierkiewicz v.
13  Sorema N.A., 534 U.S. 506, 513, 515 (2002) (unanimous Court
14  holding that "Rule 8(a)'s simplified pleading standard applies to
15  all civil actions, with limited exceptions" and "[a] requirement
16  of greater specificity for particular claims is a result that
17  must be obtained by the process of amending the Federal Rules,
18  and not by judicial interpretation"); see also Karam v. City of
19  Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003) (the court is
20  required to accept all allegations as true).  Because the court
21  finds ten of the claims above to be preempted, these claims will
22  be recharacterized as a claim for violation of the collective
23  bargaining agreement arising under § 301.  Young, 830 F.2d at
24  997.

25          3.   Statute of Limitations

26          Defendants contend that, even if plaintiff's claims are
27  recharacterized under federal law, plaintiff would be time-barred
28  from bringing a § 301 claim.  (Mot. to Dismiss 10.)  The Supreme

                                14

1  Court has held that actions under the LMRA are governed by the

2  six-month statute of limitations set out in § 10(b) of the

3  National Labor Relations Act.  <u>DelCostello</u>, 462 U.S. at 154

4  (citing 29 U.S.C. § 160(b)).  Claims outside of that six-month

5  period are subject to dismissal.  <u>Id.</u> at 155.  Defendant, citing

6  the EEOC complaint filed on May 19, 2005, argues that the last

7  noted incident of improper conduct by Sara Lee or Mayberry

8  occurred on April 15, 2005.  (Mot. to Dismiss 10.)

9          The FAC, however, states that plaintiff filed a second

10  complaint with the EEOC on July 17, 2006, alleging additional and

11  more recent violations.  Moreover, plaintiff does not

12  specifically confine his factual allegations in the FAC to any

13  particular time period, but instead contends that the hostile

14  behavior continued up until his August, 2006, dismissal.  (FAC ¶

15  14; Opp'n to Mot. to Dismiss 5.)  For the purposes of this

16  motion, the court accepts these assertions as true.  <u>Balistreri</u>,

17  901 F.2d at 699.; <u>Hanover Shoe, Inc. v. United Shoe Machinery</u>

18  <u>Corp.</u>, 392 U.S. 481, 502 n.15 (1968).  The simple fact that

19  incidents of harassment also occurred outside of the six-month

20  period does not bar suit for continuing violations.  <u>See</u> <u>e.g.</u>,

21  <u>Anthony v. County of Sacramento</u>, 898 F. Supp. 1435, 1443 (E.D.

22  Cal. 1995) ("hostile environment harassment . . . by its nature

23  involves an ongoing course of conduct rather than a single

24  discrete act").  Therefore, plaintiff has sufficiently alleged

25  that defendants' conduct occurred within the six-month period

26  prior to filing the complaint.

27              4.   <u>Section 301 Claims Against Mayberry</u>

28          By definition, a suit by an employee under § 301 can be

15

1  brought only against an "employer," who is party to the

2  collective bargaining agreement.  29 U.S.C. § 185(a) (granting

3  jurisdiction to the District Courts over suits "between an

4  employer and a labor organization representing employees").  In

5  an effort to maintain a § 301 claim against Mayberry, plaintiff

6  summarily "alleges that Mayberry is a party to the collective

7  bargaining agreement." (Opp'n to Mot. to Dismiss 4.)  This

8  unsupported assertion is directly contradicted by the CBA, which

9  contains as signatories only Sara Lee and the Union.  (First Mot.

10  to Dismiss Ex. 1 at 40.)  The court will therefore dismiss all

11  preempted state-law claims, re-characterized as a claim under §

12  301, as against Mayberry.

13      C.   FEHA Claims

14           Plaintiff brings four claims under FEHA.[7]  FEHA

15  prohibits unlawful employment discrimination on the basis of sex,

16  disability, and other protected classifications.  California

17  Government Code §§ 12900 et seq.  In order for a federal court to

18  exercise jurisdiction over a FEHA claim, however, a plaintiff

19  must first timely file an administrative complaint with the

20  Department of Fair Employment and Housing ("DFEH"), and then

21  receive from the DFEH a notice of a "right to sue."  Cal. Gov.

22  Code § 12965.[8]

23  _____

24      [7]   Claim Four for retaliation; claim six for disability
    discrimination; claim seven for failure to prevent; and claim
25  eight for unlawful failure to accommodate.  (FAC ¶¶ 40-45, 53-59,
    60-67, 68-76.)
26
        [8]   As a result of a work-sharing agreement between the
27  EEOC and the DFEH, each agency is designated as the agent of the
    other for the purposes of processing FEHA complaints.  29 C.F.R.
28  1626.10(c).   Thus, while plaintiff's first administrative

In order for an administrative complaint to be timely, it must be filed within "one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred." Cal. Gov. Code § 12960; <u>Romano v. Rockwell Int'l, Inc.</u>, 14 Cal.4th 479, 492 (1996).   Under California law, failure to exhaust these remedies generally precludes a party from bringing a valid federal claim.  <u>Carter v. Smith Food King</u>, 765 F.2d 916, 921 (9th Cir. 1985) (citations omitted); <u>Romano</u>, 14 Cal.4th at 492.

### 1.   Exhaustion of Administrative Remedies

Defendants argue that all four FEHA claims must be dismissed because plaintiff failed to exhaust his administrative remedies in a timely manner, based on the fact that: 1) plaintiff's second FEHA complaint was filed four days after the instant lawsuit; 2) plaintiff fails to allege that this second FEHA complaint was timely; and 3) plaintiff fails to allege against whom the second FEHA complaint, and subsequent "right-to-sue" notice, were directed.  (Mot. to Dismiss 10-13.)

Defendants are correct that a "right to sue" notice must be received before a lawsuit may be filed.[9]  Indeed,

---

complaint was filed with the EEOC, this is sufficient to satisfy the exhaustion requirement.

[9]   Plaintiff did file a previous complaint with the EEOC on May 19, 2005.  However, the scope of a federal action brought under FEHA is defined by the scope of the claims contained in the original administrative complaint.  <u>Green v. L.A. County Superintendent of Schools</u>, 883 F.2d 1472, 1475-76 (9th Cir. 1989).  Plaintiff's first "right-to-sue" letter, in response to his 2005 EEOC complaint, was only for a charge of sexual harassment.  While administrative charges are to be liberally construed, so as to allow plaintiffs to proceed on claims that are "like or reasonably related to" the EEOC charges, <u>see Sosa v.</u>

1  plaintiff filed this lawsuit four days <u>before</u> filing his second

2  EEOC complaint on July 17, 2006.[10]  The Supreme Court has firmly

3  established, however, that the requirement of a "right-to-sue"

4  letter is not a jurisdictional prerequisite, but merely a

5  condition precedent that is subject to waiver, estoppel, and

6  equitable tolling.  <u>Wrighten v. Metro. Hospitals, Inc.</u>, 726 F.2d

7  1346, 1351 (9th Cir. 1984) (citing <u>Zipes v. TWI, Inc.</u>, 455 U.S.

8  385, 393 (1982)).  California courts therefore allow plaintiffs

9  to "cure" a premature suit, with the subsequent receipt of a

10  "right to sue" letter after a complaint has been filed, "provided

11  there is not evidence showing that the premature filing precluded

12  the state from performing its administrative duties or that the

13  defendant was prejudiced by such filing."  <u>Edwards v. Occidental</u>

14  <u>Chemical Corp.</u>, 892 F.2d 1442, 1445 (9th Cir. 1990) (citing

15  <u>Wrighten</u>, 726 F.2d at 1351.).

16        In this case there is nothing to indicate that the EEOC

17  was precluded from performing its administrative functions as a

18  result of the premature suit.  Because a premature lawsuit is

19  always subject to a motion to dismiss at any time before a "right

20  to sue" letter is received, it is unlikely that allowing

21  plaintiff to "cure" a premature filing will encourage parties to

22

23  <u>Hiraoka</u>, 920 F.2d 1451, 1458 (9th Cir. 1990), this court would
    find it hard to reason that charges of disability discrimination
24  are "reasonably related" to charges of sexual discrimination.

25        [10]   Defendants, in the present motion, contend that this
    July 17, 2006, EEOC complaint and subsequent "right-to-sue"
26  letter are a sham, because plaintiff has not produced these
    documents.  At this stage of litigation, however, plaintiff is
    not required to produce evidence--mere factual allegation is
27  sufficient. However, it goes without saying that, should
    plaintiff be unable to eventually produce the "right-to-sue"
28  letter, all FEHA claims will fail.

1  bypass the administrative procedures of the EEOC.  <u>Wrighten</u>, 726

2  F.2d at 1351 (citing <u>Pinkard v. Pullman-Stanrdard</u>, 678 F.2d 1211,

3  1218 (5th Cir. 1982)).  Moreover, defendants have not shown any

4  way in which they would be prejudiced by allowing plaintiff to

5  proceed.  The fact that plaintiff filed an earlier EEOC charge in

6  2005 effectively put defendants on notice as to at least a

7  portion of the offending conduct, as well as plaintiff's interest

8  in seeking relief for defendant Mayberry's conduct.  Accordingly,

9  plaintiff may proceed with his FEHA claims.

10         <u>            2.   Claim Seven as Against Mayberry</u>

11         Defendants additionally contend that, as a matter of

12  law, claim seven (failure to prevent unlawful sexual

13  discrimination) cannot be brought against Mayberry, because he

14  was the actual perpetrator of the harassment at issue.[11]

15         The "failure to prevent" cause of action originates in

16  California Government Code § 12940(j)(1), which makes it

17  "unlawful if the [company], or its agents or supervisors, knows

18  or should have known of this conduct and fails to take immediate

19  and appropriate corrective action."  This provision is, by

20  definition, a means of imposing <u>vicarious liability</u> on the

21  <u>employer</u> for the actions of its employees.  <u>State Dept. Of Health</u>

22  <u>Svcs. v. Superior Court</u>, 31 Cal.4th 1026, 1040-1042 (2003); <u>Hope</u>

23  <u>v. Cal. Youth Auth.</u>, 134 Cal.App.4th 577, 593 (2005).  It is not

24  a catch-all cause of action that can be brought against any and

25  all employees in the company who failed to prevent the harassment

26

27         [11]    Defendants also argue that claim eight (failure to
   provide reasonable accommodations) is similarly inappropriate
28  against Mayberry.  Plaintiff, however, only brings claim eight
   against Sara Lee. (FAC 10.)

1  from occurring, least of all against the actual harassing

2  employee.

3        Plaintiff's reasoning would extend liability under FEHA

4  to an illogical conclusion, whereby an individual could be found

5  directly liable for harassing an employee as well as for the

6  failure to prevent his own harassing conduct.  Plaintiff may, of

7  course, bring a direct action against Mayberry for harassment,

8  which he successfully alleges in claim five, but the present

9  claim is improper.  The court will therefore dismiss claim seven

10 against Mayberry.

11       D.   California Labor Code § 132a

12       California Labor Code § 132a(1) makes it unlawful for

13 any employer to discriminate against any employee in retaliation

14 for filing a workers' compensation claim.  Defendants argue that,

15 based on California Labor Code § 5300, plaintiff's twenty-third

16 claim must be dismissed for lack of jurisdiction because the

17 Workers' Compensation Appeals Board ("WCAB") is the exclusive

18 forum for claims under § 132a.[12]  (Mot. to Dismiss 14.)

19 Plaintiff, on the other hand, cites to City of Moorpark v.

20 Superior Court, 18 Cal.4th 1143, 1155 (1998), for the proposition

21 that "workers' compensation is not the exclusive remedy for

22 violations of . . . 132a."  (Opp'n to Mot. to Dismiss 10.)

23       In fact, the California Supreme Court in Moorpark

24 clarified that for a plaintiff alleging disability

25

26       [12]  California Labor Code 5300 provides that proceedings
   "[f]or the recovery of compensation, or concerning any right or
27 liability arising out of or incidental thereto" "shall be
   instituted before the [Workers' Compensation] [A]ppeals [B]oard
28 and not elsewhere . . . ." (emphasis added).

1    discrimination, § 132a was not the exclusive <u>remedy</u>--a plaintiff

2    could also look to FEHA or common law principles for relief.

3    <u>Moorpark</u>, 18 Cal.4th at 1158 (holding that for disability

4    discrimination, "section 132a does not provide an exclusive

5    remedy and does not preclude an employee from pursuing FEHA and

6    common law wrongful discharge remedies").   Nonetheless, for

7    claims that <u>are</u> brought under § 132a, "the Workers Compensation

8    Appeals Board [is] the exclusive forum . . . ."   <u>Id.</u> at 1156.

9    Thus, while plaintiff has various alternative means of recovery

10   based on his allegation of disability discrimination, a claim

11   under § 132a is only proper before the WCAB.   Accordingly, the

12   court will dismiss this claim.

13          IT IS THEREFORE ORDERED that:

14          (1) defendants' motion to dismiss claim seven as

15   against defendant Mayberry, and claims sixteen and seventeen as

16   against defendant Sara Lee be, and the same hereby is, GRANTED;

17          (2) defendants' motion to dismiss claim twenty-three

18   be, and the same hereby is, GRANTED;

19          (3) defendants' motion to dismiss claims nine, ten,

20   eleven, twelve, thirteen, sixteen (as against defendant

21   Mayberry), seventeen (as against defendant Mayberry), twenty,

22   twenty-one, and twenty-two be, and the same hereby is, GRANTED.

23   Plaintiff is hereby given thirty days from the date of service of

24   this order to amend his complaint eliminating these preempted

25   claims and stating instead a claim against defendant Sara Lee

26   under § 301 of the LMRA, consistent with the requirements set

27   forth herein.

28   ///

21

1          IT IS FURTHER ORDERED that, in all other respects,

2   defendants' motion to dismiss be, and the same hereby is, DENIED.

3   DATED:   December 13, 2006

4   _____

5                    WILLIAM B. SHUBB
                     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    22