IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GREENLY,

      Plaintiff,                                  CIV S-06-1775 WBS EFB

      vs.

SARA LEE, et al.,

                                     <u>ORDER</u>

      Defendants.

_____/

      This case was before the undersigned on July 25, 2007, for hearing on defendants' motion to compel plaintiff to appear for additional deposition testimony in excess of the seven hours allotted under Rule 30(d)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The parties submitted briefing on the discovery dispute on July 17, 2007. At the hearing, Danielle Ochs-Tillotson appeared on behalf of defendants and Nathaniel Potratz appeared on behalf of plaintiff.

      Rule 30(d)(2) provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent."

      As briefed by the parties prior to the hearing, the previously noticed deposition of plaintiff convened on May 7, 2007. Due to various circumstances caused by both parties,

1

defense counsel's examination of plaintiff lasted for only about five-and-one-half hours. Toward the end of the deposition, defense counsel discovered that plaintiff had in his possession, and was referring to, several documents that he had not previously produced as part of his initial disclosures. Plaintiff claims he did not produce the documents prior to the deposition because they were "equally available" to defense counsel. Plaintiff has cited no authority for this objection, and in fact, courts have rejected it as a legitimate reason to withhold documents in a party's possession. *See, e.g., St. Paul Reinsurance Co. v Commer. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("courts have unambiguously stated that this exact objection is insufficient to resist a discovery request").

After the parties were unable to agree on a time and date for continuing the deposition, the deposition ended short of the allotted seven hours. The following day, plaintiff produced several of the previously undisclosed documents to defense counsel. Plaintiff now seeks to reconvene the deposition in order to examine plaintiff regarding those documents and other issues that were not reached at the deposition.

The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide the following elucidation:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. For example, . . . in cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. . . . If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.

Here, the court finds good cause for an extension of the presumptive durational limit and that additional time is needed for a fair examination of the plaintiff due to the withholding of

1  documents prior to the examination.  For the reasons discussed at the hearing, defendants'
2  motion to compel plaintiff to appear for additional deposition testimony is granted.  Defendants
3  are granted an additional six hours to depose plaintiff.  Plaintiff is ordered to appear at that
4  deposition, which is to occur on a mutually agreeable date arranged by the parties on or before
5  September 30, 2007.
6      As directed at the hearing, the parties have submitted for the court's approval a proposed
7  stipulation and order extending the cut-off dates as to discovery and law and motion.
8  Accordingly, the discovery cut-off is extended to October 31, 2007, and the law and motion cut-
9  off is extended to January 31, 2007.  Any request for extension of the pretrial or trial dates
10 should be directed to the assigned district judge.
11     Lastly, both plaintiff's and defendants' request for sanctions are denied.
12     SO ORDERED.
13 DATED: July 30, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3