MICHAEL W. FOSTER (State Bar No. 127691)
DANIELLE OCHS TILLOTSON (State Bar No. 178677)
DAVID J. CARDIFF (State Bar No. 184246)
FOSTER & ASSOCIATES
610- 16th Street, Suite 310
Oakland, California 94612
Tel: (510) 763-1900
Fax: (510) 763-5952

Attorneys for Defendants
SARA LEE BAKERY GROUP, INC.
and GORDON MAYBERRY

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GREENLY, | Case No. 2:06-CV- 01775-WBS-EFB |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| v. | Date: |
| SARA LEE; GORDON MAYBERRY; DOES 1 thru 10, | Time:<br>Ctrm:<br>Judge: |
| Defendant. | |

**IT IS HEREBY STIPULATED** between counsel for Plaintiff John Greenly ("Plaintiff") and counsel for Defendants Sara Lee and Gordon Mayberry ("Defendants") (collectively "the Parties") in the above-captioned matter ("the Litigation"), as follows:

1. **Scope.** This Confidentiality Agreement and Stipulated Protective Order (hereinafter "this Agreement and Order") governs any document which a Party or a nonparty produces in the Litigation and designates as "Confidential" (defined herein) pursuant to the following procedures because producing party contends that it contains or comprises information that is or may be privileged or protected under a provision of the California Evidence Code or

other law, or which could, if disclosed, violate a personal privacy, proprietary, trade secret, copyright, financial or other interest protected by law. "Document" as used in this Agreement and Order includes all writings as the term is defined by the California Evidence Code, including but not limited to documents, videotapes, exhibits, answers to interrogatories, responses to requests for admission and deposition transcripts, but only to those portions of them that actually contain claimed confidential information.

**2.** This Agreement and Order shall be effective as to the Parties from the date executed by their attorneys.

**3.** The Parties to this case agree that this Agreement and Order with respect to maintaining the confidentiality of all material designated as "Confidential" pursuant to this Agreement and Order survives the termination of the Litigation.

**4.** **Designation of "Confidential" Documents and Depositions.** Any Party may designate any document as "Confidential" if that Party or Party's counsel of record has a good faith opinion that the document is within the scope of Paragraph 1 above. Once a Party has made this designation, then the Parties shall use the document solely for the purposes of the Litigation, and not for any business, competitive, governmental, or other purpose or function, or for any other proceeding, action or claim, and shall not copy or disclose such document to anyone except as provided in this Agreement and Order, absent a specific order by this Court or further stipulation of the Parties. The Parties also agree not to violate trademark, copyright or other intellectual property protections as to any documents, including videotapes, designated as "Confidential" provided the Parties are specifically given notice, in writing that the confidential document is trademarked, copyrighted or otherwise protected under legislation.

**5.** **Procedure for Documents.** To come within this Agreement and Order, the producing party must mark each page of documents deemed "Confidential" but only the page or pages deemed "Confidential" at the time such documents are produced, or by designating the documents by Bates-stamp or page number in a letter accompanying the production. If the receiving Party contends that portions of a document are not confidential, as designated, the receiving party will initiate a "Meet and Confer" procedure.

**6.     Procedure for Deposition Testimony.** In the instance of deposition testimony, the deponent or counsel may invoke the provisions of this Protective Order for any Party or non-party by giving notice to counsel for the other Parties either in writing or on the record. All designations or changes in designation of the deposition transcript shall be telecopied or delivered to all other parties on or before the tenth day of service by the reporter of the transcript and shall identify the deponent, page and line numbers of the portion sought to be designated as "Confidential."

**7.     Procedure for Use of "Confidential" Documents at Deposition.** If a Party has designated a document as "Confidential" pursuant to this Agreement and Order, and that document is used during a deposition, then the procedures in Paragraph 4 apply, and the Parties and the court reporter must treat the portion or portions of the deposition transcript and exhibits that refer to confidential documents as "Confidential" under the terms of this Agreement and Order.  Both parties bear equal responsibility for notifying the court reporter who transcribes such testimony of the terms of this Agreement and Order.

**8.     Disclosure of "Confidential" Documents and Depositions.** Documents marked "Confidential" (or copies or extracts there from and the information therein) can be shown only to:

(a) those individuals who are attorneys of record in the Litigation;

(b) employees of such attorneys to whom it is necessary that the material be shown for purposes of the Litigation;

(c) third-party consultants and independent experts to whom it is necessary that the material be shown for purposes of the Litigation;

(d) those persons providing sworn testimony in this action, either at deposition or trial, to the extent that it is necessary the material be shown for the purposes of the Litigation, and only at the time such testimony is taken;

(e) persons who appear as an author, addressee or recipient on the face of the document or who are mentioned in the document in connection with their employment at Sara Lee; and

    (g) the United States District Court for the Eastern District or California and its employees, as necessitated by the filing of any "Confidential" documents as exhibits to any pleading filed in this Litigation.

  **9.** Before a Party or attorney allows any person (other than attorneys of record and their employees, the Court, or witnesses who are under oath at deposition, as discussed below) to have access to documents marked "Confidential," the other Party or attorney shall first show that person a copy of this Agreement and Order and shall obtain that person's signature on an agreement in the form attached hereto as Exhibit A. Only persons listed in Paragraph 8 above may be shown such documents. Attorneys shall maintain a record of all written agreements signed by persons to whom they have given such documents.

  Prior to filing with the Court a document designated as Confidential by the other Party, the Party or attorney shall make an application to the Court to file the document under seal. *See* L.R. 39-141. The court shall make an independent determination as to the appropriateness of a sealing order, regardless of the parties' definition of "confidential" documents provided herein.

  If a deponent is allowed to have access during their deposition to documents marked "Confidential", they are not required to sign an agreement in the form attached as Exhibit A. However, they must be provided a copy of this Agreement and Order during the deposition and they may not retain copies of confidential documents or view them outside of their deposition or during breaks in the deposition. Confidential documents used as exhibits will be separately bound and marked as "Confidential Exhibits."

  **10.** If a Party or attorney for a Party desires to disclose any document marked "Confidential" to any person who is not specifically authorized to have access to such document pursuant to Paragraph 8 above or contended that the document has been improperly designated as confidential, the Party or attorney shall not make such a disclosure until the attorney has first met and conferred with the attorney for the Party who designated the document as "Confidential." The attorneys will then have ten (10) days to negotiate, and if they cannot agree, the Party seeking to disclose or remove a confidential designation will have 10 days to file a motion for protective order with the Court. While such a motion is pending before the Court, the attorneys shall not disclose the document except as authorized in this

3
**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

Agreement and Order.  The Party claiming confidentiality shall bear the burden of supporting the designation.  The Court may make any orders it deems fair and equitable including conditioning disclosure upon execution of this Agreement.

**11.   Use of "Confidential" Material at Trial.**  This Agreement and Order is not intended to govern the use of "Confidential" material at the trial of this action.  Procedures governing the use of "Confidential" material at trial, if necessary, will be established by the Trial Court.

**12.   Return of "Confidential" Documents.**  Upon termination of the Litigation, the Parties shall destroy the originals and copies of "Confidential" documents, unless a Party or non-party requests in writing, return of any Confidential documents within ten (10) days of the termination of the litigation.  Returning of documents shall be at requesting party's expense.

**13.   Objection to Designation of Confidentiality**.  If any party, or such party's counsel, objects to the designation of any document, testimony, information or material as "Confidential" the parties shall meet and confer in an effort to resolve any such dispute.  If the parties are unable to resolve such dispute, the objecting party may bring a motion to have the contested information declared non-Confidential.  Unless and until an Agreement and Order is entered to the contrary, the documents, testimony or material shall be given the "Confidential" treatment initially assigned to it and provided for in this Protective Order.

**14.   Modification and Survival**.  The restrictions imposed by this Agreement and Order may only be modified or terminated by written stipulation of all parties or by order of this Court.  This Agreement and Order shall survive termination of this action except that (i) there shall be no restriction on documents that have been used as exhibits in open court, and (ii) any Party may seek the written permission of all other parties or further order of this Court, after notice to the other parties and opportunity to be heard, to modify or dissolve this Protective Order.

**15.   Copying of Confidential Documents.**  No Party receiving confidential documents may copy them except as Exhibits for archive, depositions, declarations or trial and

for each co-counsel.  No Party shall give the confidential documents to anyone not covered by this Order.

**16.** **Violations.**  Violations of this Agreement shall subject the violating Party to sanctions permitted by the Discovery Act for discovery abuses as well as any other remedies available in law or equity.

**15.** **Request for Entry of Order.**  The attorneys of record for the undersigned Parties are in accord with the above terms of this Agreement and Order as acknowledged hereafter by their signatures, and request the Court enter this Agreement and Order.

So Stipulated.

Dated: _____    FOSTER & ASSOCIATES

Signature on original

_____
MICHAEL W. FOSTER
DANIEL OCHS-TILLOTSON
DAVID J. CARDIFF
Attorneys for Defendants
SARA LEE and GORDON MAYBERRY

Dated: _____

Signature on original

_____
NATHANIAL POTRATZ
Attorneys for Plaintiff
JOHN GREENLY

Nothing in this order shall be construed as modifying the district judge's pre-trial scheduling order. Subject to the foregoing modifications, the order is approved.

SO ORDERED.

Date:  January 30, 2008

_____
U.S. MAGISTRATE JUDGE

EXHIBIT A

I hereby certify that I have carefully read the Confidentiality Agreement and Stipulated Protective Order in the action entitled JOHN GREENLY v. SARA LEE. and GORDON MAYBERRY, Case No. 2:06-CV- 01775-WBS-PAN (JFM) (the "Litigation"), and that I fully understand the terms of the Court's Order, a copy of which is attached.  I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.  I agree not to disclose Confidential Material to anyone who has not signed a copy of this Certificate.  I agree to use Confidential Material only in connection with the Litigation, and not for any other purpose, including without limitation, business, competitive, or governmental purpose or function.  I hereby consent to be subject to the personal jurisdiction of the U.S. District Court for the Eastern District of California with respect to any proceedings concerning the enforcement of that Order, including without limitation any proceeding related to contempt of court.

Dated: _____                              By:_____