IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN GREENLY,

    Plaintiff,

vs.

SARA LEE, et al.,

    Defendants.

No. CIV S-06-1775 WBS EFB

ORDER

 

This case was before the undersigned on January 16, 2008, for hearing on plaintiff's motion to compel further production of documents, and to have plaintiff's requests for admissions deemed admitted. Nathaniel Potratz appeared as plaintiff's counsel and Danielle Ochs Tillotson and David J. Cardiff appeared as defense counsel.

Plaintiff's motion was filed after the discovery cut-off date, but because the district judge's pretrial scheduling order gives this court discretion to modify all dates other than those set for the pretrial conference and trial, the court considered plaintiff's application to extend the deadline for purposes of his motion. In the interest of reaching the merits of this litigation, and based on plaintiff's allegations of misconduct by defendants, the court agreed to hear the motion. For the reasons stated at the hearing and discussed below, the court denies the majority of plaintiff's motion. As to plaintiff's request for an order compelling production of defendant

1

Gordon Mayberry's personnel file, that portion of the motion is mooted by the parties' agreement at the hearing to submit a stipulated proposed protective order governing production of that and other documents. The court has reviewed that stipulation, and publishes its endorsement (with some modifications) in a separately issued order.

The discovery deadline in this case was previously extended from September 28, 2007, to October 31, 2007. Despite that extension, plaintiff did not file his present motion until December 1, 2007. Plaintiff's motion is based on defendants' alleged failure to provide responses to requests for production of documents and requests for admissions propounded on April 17, 2007. Defendants aver and provide evidence showing that they timely served the responses to those discovery requests via electronic mail on May 21, 2007, after plaintiff refused an agreement for a brief extension of time to respond. In essence, plaintiff accuses defense counsel of lying about having timely e-mailed the responses, and argues that service of discovery via e-mail is not authorized and therefore invalid. For these reasons, plaintiff asks the court to deem admitted his various requests for admission. That request is denied.

Although Federal Rule of Civil Procedure 5(b)(E) states that service by electronic means is valid only if the person consents in writing, Local Rule 5-135(g) requires attorneys practicing in the Eastern District to accept service by electronic means, unless they expressly opt out.[1]

---

[1] L.R. 5-135(g) provides:

Completion of the registration form will permit electronic filing of documents and, unless an attorney opts out, *will authorize acceptance of service by electronic means*. . . .

(1) Consent to Service. Unless an attorney opts out by designating such on the registration form, registration as a filing user constitutes: (1) *consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(E)* . . . .(2) consent to making electronic service and waiver of the right to make service by personal service or first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(E) (emphasis added).

Plaintiff's counsel has not expressly opted out of this requirement. Under Local Rule 5-135(g) he must accept service by electronic means. Although plaintiff argues that this rule applies only to service of documents that are filed with the court and not to discovery responses, plaintiff's own service of discovery responses by electronic means undermines this argument. *See* Decl. of Danielle Ochs Tillotson, ¶ 3; Exhs. B, C (document no. 64). Further, the court finds that a reasonable reading of Local Rule 5-135(g) contemplates service of discovery responses via electronic means, although the more prudent approach would be to also serve responses via U.S. mail. Accordingly, the court finds that defendants' responses were timely and therefore denies plaintiff's requests to deem the requests for admissions admitted and the objections to the requests for production of documents waived.

The court is further unmoved by plaintiff's counsel's allegation that he never received defendants' responses. In their separate statement regarding the discovery dispute, defendants provide evidence showing service of their discovery responses via e-mail on May 21, 2007. *See* Decl. of Danielle Ochs Tillotson, ¶ 5; Exh. E. Contrarily, plaintiff's counsel provides no declaration to support his claims of non-receipt in the separate statement filed regarding the dispute. It was not until the hearing that he pointed to a declaration attached to his original motion, filed December 1, 2007, to support his claim that he never received the responses.[2]

---

L.R. 1-101 provides:

> "Consent to Service" is the authorization by an attorney or party to accept service during the course of an action by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49. *See* L.R. 5-135(g).

[2] Under the Local Rules and this court's order, the parties were to file a joint statement briefing the discovery dispute five court days prior to the noticed hearing. L.R. 37-251(c). Defense counsel avers that plaintiff's counsel did not contact her about the joint statement until midnight on January 9, 2008, the day the statement was due. Decl. of Danielle Ochs Tillotson, ¶ 12; Exh. M. In light of the impending filing deadline, and because the e-mailed version of plaintiff's statement was not in compliance with the local rules, defense counsel filed a separate statement. Plaintiff's counsel also filed a separate statement, which did not comply with the local rules. *See* L.R. 37-251(c).

In any event, the record shows that it was a lack of diligence on the part of plaintiff's counsel that led to his need for an extension of the discovery deadline. It is noteworthy that plaintiff's counsel was so impatient to receive the responses that he was unwilling to extend defendants the courtesy of additional time for them to serve their responses. Yet, incredibly, he did not notify them until early October of his alleged non-receipt of any response. His motion to compel was not filed until October 31, 2007, after the deadline for filing discovery motions. At the hearing, when questioned about his more than four-month delay in following up with defendants about the discovery responses, plaintiff's counsel could provide no explanation besides citing the demands of his heavy caseload. Defendants argue that plaintiff's delay in this regard, especially in light of the then impending discovery deadline, amounts to a waiver of any right to bring the current motion

While courts have had occasion to find waivers in such circumstances, *see, e.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel further responses denied as untimely when filed 136 days after receipt of the allegedly deficient responses and 76 days after the close of discovery where there was no showing that the delay was caused by matters outside moving party's control), the court declines to take that approach here. Plaintiff, however, has made deciding the merits of his motion difficult by failing to follow the local rules governing the briefing of discovery disputes.[3] In his statement regarding the dispute, plaintiff does not address the specific discovery items in dispute, fails to set forth his arguments as to how and why defendants' responses are purportedly deficient, and does not provide much

---

[3] Per the Local Rules and this court's order, the parties were to file a joint statement briefing the discovery dispute five court days prior to the noticed hearing. L.R. 37-251(c); Minute Order, Dec. 14, 2007. Defense counsel avers that plaintiff did not contact her about the joint statement until midnight on January 9, 2008, the day the statement was due. *See* Decl. of Danielle Ochs Tillotson, ¶ 12; Exh. M. In light of the impending filing deadline, and because the e-mailed version of plaintiff's statement was not in compliance with the local rules, defense counsel filed a separate statement. Plaintiff's counsel also filed a separate statement, which did not comply with the local rules, and which failed adequately to address the disputed discovery items, his arguments as to why defendants' responses were deficient, and what relief was requested. *See* L.R. 37-251(c).

clarification as to the relief he seeks.  L.R. 37-251(c).

Based on defendants' paperwork, the court surmised and confirmed at the hearing that plaintiff sought additional responses to requests for production nos. 4 through 6 and 10 through 11.  *See* Defs.' Stmt., at 7:16-12:5; Exh. E.  As discussed at the hearing, defendants initially filed objections to several of these requests, expecting, in part, that plaintiff would meet and confer to clarify some of the vague and ambiguous language.  However, defendants did not hear from plaintiff until early October regarding their responses served in May 2007.

The defendants' objections on the basis of vagueness and ambiguity with respect to requests for production nos. 4 and 5 are well taken.[4]  As to request no. 11, which seeks plaintiff's personnel file, defendants represented at the hearing that they already provided that file to plaintiff.  The court denies the balance of plaintiff's motion based on his failure to follow the Local Rules and provide adequate briefing regarding the specific discovery requests.

Moreover, the court notes that the parties have stipulated to a proposed protective order governing the production of sensitive information including defendant Gordon Mayberry's personnel file, which is the subject of request for production no. 10.  The court has reviewed and endorsed the stipulation (with some modifications) and will separately publish the approved order.  Because defendants have agreed to produce Mr. Mayberry's personnel file subject to that order, plaintiff's motion as to request for production no. 10 is moot.

As discussed at the hearing, defendants are ordered to provide a certification verifying their previous responses that there are no documents responsive to plaintiff's request for "harassment complaints by another employee, Chris Mikaelson, against Gordon Mayberry."  *See*

---

[4] Request no. 4 asks for all documents "including statements that you have obtained in any form, of persons. . . who witnessed, or claim to have witnessed *the incident*."  Request no. 5 asks for "all documents sent to, or received from, any person . . . evidencing *this incident* and the attending circumstances."  Plaintiff defines "incident" as "the chain of events that occurred leading to the instant civil action wherein all named defendants in this action allegedly participated in the tortious conduct as alleged in responding party's complaint.  Incident also refers to, where appropriate, subsequent events occurring after the date the instant action was filed."

5

Defs.' Stmt., Exh. O.  Defendants shall provide such certification within five days from the date of service of this order.

Finally, in light of the court's willingness to hear plaintiff's untimely discovery motion, the court will allow defendants additional time to seek discovery that is allegedly owed by plaintiff.  In their opposition to plaintiff's motion, defendants requested an order compelling supplemental responses from plaintiff as to those document requests to which he objected on the basis that the documents were "equally available" to defendants.  *See* Suppl. Decl. of Danielle Ochs Tillotson, Exh. Q.  This court, in a previous discovery order in this case, found plaintiff's "equally available" objections to be inappropriate to the extent he had responsive documents in his possession, custody or control.  *See* July 31, 2007, Order  (document no. 47) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp*., 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("courts have unambiguously stated that this exact objection is insufficient to resist a discovery request")).  Defendants are entitled to such discovery in plaintiff's possession, even though the prudent course would be to also subpoena those documents from third parties who maintain them in their usual course of business.

Plaintiff is ordered to provide supplemental responses to the requests to which he previously objected on the basis that the responsive documents were "equally available" to defendants.  Plaintiff is also ordered to provide supplemental responses to those requests seeking medical records, to which plaintiff responded that he would produce responsive documents once he received them.  *See* Suppl. Decl. of Danielle Ochs Tillotson, Exh. Q (Request nos. 1-3).  To the extent no such responsive documents exist, plaintiff shall provide a certification to that effect, within five days from the date of service of this order.  Both parties are admonished of their continuing duty to supplement their discovery disclosures and responses.  Fed. R. Civ. P. 26(e).

Finally, the court addresses both parties' requests for sanctions in connection with this motion.  Because the court's order as outlined above does not wholly grant or deny the relief

6

sought by plaintiff, an award of sanctions is within the court's discretion. *See* Fed. R. Civ. P. 37(a)(5)(C). After reviewing the submitted paperwork, and considering the arguments made during the hearing, the court finds that an award of expenses for either side is not warranted in connection with this motion. Both parties delayed, and then raced to the court seeking discovery orders, well after the discovery deadline has passed. Such conduct does not merit an award of fees.

SO ORDERED.

DATED: February 1, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE